IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE R. MEDINA-RIVERA,<br><br>Plaintiff<br><br>v.<br><br>CESAR CASTILLO, INC.,<br><br>Defendant | CIVIL NO. 14-1451<br><br>AMERICANS WITH DISABILITIES ACT; FAMILY MEDICAL LEAVE ACT; COMMONWEALTH LAW NO. 80; COMMONWEALTH LAW NO. 44<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** the Plaintiff, and through the undersigned attorneys, very respectfully avers and prays as follows:

**I.   INTRODUCTION**

1. This is a civil action brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§'s 12101 *et seq.,* the Family and Medical Leave Act, 29 U.S.C. §§'s 2601 *et seq.,* Commonwealth Law 80 of May 30 1976 as amended, 29 L.P.R.A §§'s 185a *et seq* and Commonwealth Law 44 of July 2nd, 1985 as amended, 1 L.P.R.A. §§'s 501 *et seq.*

**II.   JURISDICTION & VENUE**

2. The jurisdiction of this Honorable Court is hereby invoked under 28 U.S.C. § 1331 and § 1343(3), since the action arises under the laws of the United States. Supplemental Jurisdiction is also invoked under 28 U.S.C. § 1367. The state claims are related to the federal claims in this action, since they form part of the same case or controversy under Article III of the United States Constitution as provided by 28 U.S.C. § 1367(a). Venue lies on this district pursuant to 28 U.S.C.A. § 1391(a)(2) because the instant claims arose in the district of Puerto Rico.

### III. THE PARTIES

3. Plaintiff Jorge R. Medina-Rivera (Hereinafter "Mr. Medina-Rivera" or "Plaintiff") is a resident of the Commonwealth of Puerto Rico and the victim of the Defendant's employees discriminatory acts.

4. Cesar Castillo, Inc. (Hereinafter "the Defendant") is a for profit corporation created under the laws of the Commonwealth of Puerto Rico. The Defendant was Plaintiff's employer. The Defendant has more than fifteen (15) employees in its payroll.

### IV. THE FACTS

5. Plaintiff started working for the Defendant on or around July of 2006 as an Accountant.

6. Plaintiff has suffered for years from Major Depression and Bi-Polar Disorder, something that his employer was aware of.

7. On December 12, 2012, Plaintiff was summoned to the Defendant's Human Resources office in relation to rumors that Plaintiff was beign harassed at his job by his supervisors.

8. Plaintiff talked with the Defendant's Human Resources Director, Mrs. Maria L. Castillo, and confirmed to her that he was being the subject of hostile and discriminatory treatment at work due to his mental and emotional disability. In addition he requested to be transffered to another work area in order to avoid said harrasment which had worsened his conditions.

9. The next day Plaintiff was again summoned to Mrs. Castillo's office and he was informed that he was being referred to the Puerto Rico State Insurance Fund Corporation for treatment.

10. Plaintiff reiterated that even though he was not feeling well due to the treatment that he was receiving from his supervisors, which had worsened his conditions, he felt that a transfer to another work area would alleviate his emotional and mental state.

10. Notwithstanding this, Mrs. Castillo told him that he had to report to the State Insurance Fund.

11. Plaintiff was examined at the State Insurance Fund and he was ordered to rest until Decemeber 26, 2012.

12. On January 23, 2013, Plaintiff was suspended one month without pay for allegedly incurring in too many absences.

13. That suspension was illegal and abusive, since Plaintiff always brought a medical certificate from his doctor everytime that he had to miss work due to his medical conditions.

14. In the letter informing the suspension, the Defendant incredibly states that the company does not tolerate excessive absences even if those absences are caused by medical conditions and are certified by a physician.

15. Even though Plaintiff was never evaluated in the more than six(6) years that he had with the company, something that contravened their manual which stated that employee evaluations must be done yearly, the suspension letter also questioned his attitude and performance.

16. During his suspension Plaintiff met with Mrs. Castillo and protested it, since all of his absences were related to his medical disability, he had always brought medical certificates that proved that they were justified and he still had days remaining in his sick leave license; nonetheless the suspension stood.

17. That unjust suspension without pay worsened Plaintiff's conditions and he had to again report to the State Insurance Fund, which ordered him to rest until March 13, 2013.

18. Once Plaintiff returned to work he was called to the Human Resources Office where he was ordered to bring a certification

from his doctor stating that he was able to work at the company and they also handed him a "Job Description" form with details of the functions that were performed in his Accountant position.

19. The Defendant's employees went as far as to offer Plaintiff a lower position in the company at a lower salary, something that Plaintiff immediately rejected.

20. After Plaintiff rejected that discriminatory proposal, they tried to force him to request Social Security disability benefits and went as far as calculating how much Plaintiff would receive.

21. Again Plaintiff rejected that latest proposal, since he was still a productive person that could give a lot to the company.

22. Plaintiff's condition took a turn for the worse, since it was obvious that after more than six(6) years of service he was not longer welcomed at Cesar Castillo, Inc. and that they were trying to get rid of him due to his medical condition.

23. Once Plaintiff visited his doctor to obtain the certification requested by the Defendant, she found him in an even worse condition and ordered that he rest for a week and be examined again by her after that to determine when he could return to his job.

24. Said medical certificate was immediately sent to the Defendant's Human Resources office via Fax.

25. The Defendant's Human Resources Office then sent him the forms requested by him to ask for a licence under the Family Medical Leave Act and another form to request benefits under the Temporary Non-Occupational Disabilty Insurance("SINOT" for its Spanish acronym) and instructed him to have them filled by his doctor.

26. Once her doctor returned him the forms under the FMLA and SINOT signed by her, Plaintiff called Carla Velez, from the Defendant's Human Resources office, and asked her if he could send her the forms thru fax;since he had been ordered to rest and wasn't feeling well.

27. Mrs. Velez informed him that they needed the original and that he had until next Tuesday, April 9, 2013, to bring them to them.

28. Surprisingly, on Saturday April 6, 2013, Plaintiff received a letter from the Defendant and signed by Maria L. Castillo, informing him that he had been fired even though Plaintiff was still under treatment from the State Insurance Fund and even though that he would constantly call Maria Castillo and Carla Velez to keep them up to date with regards to this health.

29. Plaintiff called the Human Resources office in the early morning of April 8, 2013, and proceeed to inform Carla Velez about the letter that he had received.

30. Mrs. Velez's response was that he should visit their offices the next morning with the FMLA and SINOT forms filled out.

35. As instructed, on April 9th 2013, Plaintiff showed up at the Defendant's offices with the FMLA form filled out.

36. He was received by Mrs. Castillo, Mrs. Velez and Mr. Nater, who asked him why he was bringing the FMLA and SINOT forms, since he was no longer an employee of Cesar Castillo.

37. Following this, he was escorted from the office without any explanation.

38. On May 29, 2013, Plaintiff filed a charge for discrimination due to his disability before the Puerto Rico Department of Labor's Anti-Discrimination Unit.

40. On March 17, 2014 the Equal Employment Opportunity Commission issued the corresponding right to sue letter under the American with Disabilities Act.

41. Plaintiff feels a sense of dejection and the psychological damage that he has suffered as a result of the discrimination and mistreatment against him continues to harm him to this day.

42. His mental condition has worsened as a result of the discriminatory dismissal suffered.

43. All the injuries, damages, mental anguish and suffering endured by the Plaintiff were caused by the Defendant's employee's actions. The Defendant is therefore liable for said injuries, damages and constitutional violations.

## V. FIRST CAUSE OF ACTION
### (Compensatory Damages under the Americans with Disabilities Act of 1990)

44. The allegations contained in paragraph No. 1 through No. 43 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

45. The facts set forth in this Complaint constitute a hostile work environment in violation of Plaintiff's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §§'s 12101 *et seq* due to his mental disability.

46. As a result, compensatory damages for the emotional distress, pain and suffering, mental anguish, loss of him enjoyment of life in an amount of not less than $500,000 under the ADA against Wendco Puerto Rico, Inc. are requested.

## VI. SECOND CAUSE OF ACTION
### (Punitive Damages under the ADA)

47. The allegations contained in paragraph No. 1 through No. 46 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

48. The facts set forth in this Complaint constitute a violation of Plaintiff's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §§'s 12101 *et seq* due to his mental disability.

49. Punitive Damages in an amount of not less than $500,000 under the ADA are requested since the employees of the Defendant

have engaged in intentional discrimination and disparate treatment of the Plaintiff and have done so with malice and/or with reckless indifference to his federally protected rights.

## VII. THIRD CAUSE OF ACTION
### (Reinstatement and Back Pay under the ADA)

50. The allegations contained in paragraph No. 1 through No. 49 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

51. The facts set forth in this Complaint constitute a hostile work environment and in violation of Plaintiff's rights under the Americans with Disabilities Act of 1990, 42 U.S.C. §§'s 12101 *et seq* due to his mental disability.

52. As a direct result of the unlawful actions of Defendant, Plaintiff is entitled to be reinstated to his position at Cesar Castillo, Inc. and to an award for back pay under the ADA to be paid for the wages, salary, commissions and fringe benefits that he would had earned from the date of his termination to the date that the jury trial takes place.

53. Said amount for backpay is presently estimated at no less than $28,000, but it's subject to increase depending on the date that the jury trial takes place.

## VIII. FOURTH CAUSE OF ACTION
### (Reinstatement, Back Pay and Damages under the FMLA)

54. The allegations contained in paragraph No. 1 through No. 53 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

55. Plaintiff had worked over 1,250 hours during the 12 month period immediately preceding his requested medical leave on May of 2013.

56. The Defendant had fifty(50) or more employees in twenty(20) or more weeks in the current or preceding calendar year and is engaged in interstate commerce.

57. Plaintiff was illegally terminated from his job partly in retaliation for asking for medical leave as a result of his mental condition.

58. This decision to terminate Plaintiff was made with malice and with reckless and willful indifference to Plaintiff's rights under the Family Medical Leave Act.

59. Furthermore, as a direct and proximate cause of Defendants' aforementioned retaliatory, discriminatory and illegal conduct, Plaintiff has suffered and will continue to suffer damages, emotional distress, and financial damages (including but not limited to back pay, front pay and related benefits, and compensatory damages, payment for days on leave of absence, payment of salary until he is hired with same salary) estimated at over one million dollars ($1,000,000.00) under this cause of action.

60. Plaintiff also requests reinstatement to his previous position with the Defendant and with the same exact salary and benefits as before.

### IX. FIFTH CAUSE OF ACTION
### (Commonwealth Law No. 44)

61. The allegations contained in paragraph No. 1 through No. 60 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

62. The facts set forth in this Complaint constitute harassment and discrimination at the workplace due to Plaintiff's mental disability and thus are also in violation of Commonwealth Law No. 44 of July 2, 1985 as amended, 1 L.P.R.A. §§'s 501 *et seq*.

63. Thus, Plaintiff is entitled to an award of no less than $1,000,000 under Law No. 44 for the pain and emotional distress that he has suffered due to the Defendant's employee's actions.

64. In addition, the total amount that will be awarded as damages and which are requested in this Complaint under Federal and State law are subject to be doubled pursuant to 29 L.P.R.A. § 147(a).

### X. SIXTH CAUSE OF ACTION
### (Commonwealth Law No. 80)

65. The allegations contained in paragraph No. 1 through No. 64 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

66. Plaintiff's dismissal was an unjustified one pursuant to Commonwealth Law No. 80 of May 30 of 1976, 29 L.P.R.A. §§'s 185(a) *et seq*.

67. As a result, Plaintiff is entitled to an award of $12,000.00 for his unjustified dismissal, applying the formula expounded on 29 L.P.R.A. § 185(a), to be paid by the Defendant.

## XI. ATTORNEY FEES, COST AND PREJUDGMENT INTERESTS

68. The allegations contained in paragraph No. 1 through No. 67 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiff.

69. The Defendant is hereby liable to Plaintiff for all sums hereby requested as well as for all pre-judgment and post-judgment interest, costs and attorney fees pursuant to the Americans with Disabilities Act of 1990 and the Family Medical Leave Act.

70. Recovery of attorney fees, costs incurred and interest accrued are also available under the Commonwealth laws invoked in this Complaint.

## XII. JURY TRIAL

71. Plaintiff hereby invokes his right to a jury trial pursuant to the Seventh Amendment of the United States Constitution for all issues so triable.

## XIII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for this Honorable Court to enter Judgment imposing on Defendants the payment of a) a compensation of no less than $1,000,000.00 under the ADA; b) a compensation of no less than $1,000,000.00 under the FMLA c) reinstatement and back pay under both the ADA and the FMLA d) a compensation of no less than $1,000,000.00 under Commonwealth Law No. 44; e) a compensation of $12,000.00 under Commonwealth Law No. 80 f) that the aforementioned amounts be doubled pursuant to 29 L.P.R.A. § 147(a) g) all with interests, attorney fees and the costs of the litigation, as well as any other remedy that this Honorable Court deems proper.

**RESPECTFULLY SUBMITTED** in Caguas, Puerto Rico on this 5th day of June of 2014.

**FRANCIS & GUEITS' LAW OFFICES**
PO Box 267
Caguas, PR 00726
Tel.(787)745-3100
Fax. (787) 745-3100
E-Mail: jgueits@fglawpr.com
cfrancis@fglawpr.com

**S/JOSÉ J. GUEITS-ORTIZ**
**JOSÉ J. GUEITS-ORTIZ**
U.S.D.C.-P.R. Bar No. 224704

**S/CHRISTIAN J. FRANCIS-MARTÍNEZ**
U.S.D.C.-P.R. Bar No. 227105

COMPLAINT
Jorge R. Medina-Rivera v. Cesar Castillo, Inc.                                              14